# SPIEGEL vs. WILBUR et al.

## SUPERIOR COURT, COUNTY OF ALAMEDA

### ( Incumbrance — Payment by Buyer )

#### 1924.

Action by Chris Spiegel against T. P. Wilbur and Alex Macdonald, Partners doing business under the name and style of The Used Motor Car Co.   Action dismissed.

1. MONEY RECEIVED — MAINTAINED WHEN.

An action for money had and received can be maintained whenever one has received money from another by mistake of fact, and which the receiver ought not in equity and good conscience to retain.

2. PAYMENT — INCUMBRANCE BY PURCHASER — RECOVERY — EQUITIES.

Where defendants in good faith made a loan to M who gave them a note for $550 and wrongfully pledged an automobile to secure such valid debt, and plaintiff tried to purchase the automobile from M and paid off the debt to defendants as a payment on the automobile, to which M had no title, it was as if plaintiff had paid the money to M and M had paid it to defendants and plaintiff could not recover it from the defendants as for money had and received for want of a superior equity, so that the case does not come under Civ. Code Sec. 3543 that "Where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened must suffer."

Eugene P. McDaniel, Judge.

In the Superior Court of the State of California,

In and for the County of Alameda.

Chris Spiegel,    Plaintiff,

vs.

T. P. Wilbur and Alex Macdonald, Partners doing

business under the name and style of The Used Motor Car Co.,    Defendants.

This case was tried by the Court and argued upon briefs, the closing brief having been submitted to the Court on the 28th day of July, 1922.    Court vacation commenced the first of August and continued until September 11th, but during vacation time, great care was given to the able briefs filed in this interesting case.

Counsel do not disagree very much as to the real facts in the case, nor was there any conflict worth mentioning in the evidence.    Counsel for plaintiff rely upon the general rule that an action for money had and received can be maintained whenever one has received money from another by mistake of fact, and which the receiver ought not in equity and good conscience retain.    Counsel for defendants do not dispute the general rule relied upon by plaintiff, nor question the authorities cited, but deny that the facts of the case at bar bring it within the purview of the rule.

It would serve no useful end to review the cases submitted in plaintiff's briefs and none were cited by defendants in their own.    The Court will simply call the attention of respective counsel to a very recent case decided by the Supreme Court of Washington, on May 8, 1922, entitled Gaffner vs. American Finance Co., et al., 206 Pacific Reporter, 916, (only case on point) which is so nearly like the case at bar in its facts as to be on all fours in the principles which direct the proper determination; and the said decision squarely supports the exceedingly clear and logical conclusions set forth in the argument of defendants' counsel in their briefs filed herein.

The pleadings do not in any way charge the defendants with fraudulent complicity in bringing about the payment to themselves of the $550 demanded by plaintiff.    Charles Masech is the only individual shown by the evidence to be a swindler.    It is true

there are some rather suspicious circumstances in the case tending to throw a shadow upon the good faith of the two defendants, Macdonald and Wilbur. They asserted that they were shown a bill of sale from Kerr for the Buick automobile in question; and that the registration certificate taken from the car did not show Kerr's name as the real owner; and they promised Spiegel, at the time he delivered his checks to them, to send the said registration certificate to him, but failed to keep their promise.    It is peculiar that they did not take possession of the bill of sale when they made the loan to Masech, and it is also peculiar that there is no explanation of the disappearance of the certificate of registration which had been upon the car, especially as the certified copy from the records of the Motor Vehicle Department introduced in evidence shows that Kerr's name actually was on the certificate filed in the Motor Vehicle Department.    However, these circumstances fall far short of establishing any wrongdoing on the part of the defendants and may be susceptible of satisfactory explanation, but, in any event, as noticed, neither in the pleadings nor the argument, have the defendants been charged with any fraudulent conduct.    In good faith they loaned Masech $500., and received his promice to pay them for the loan the sum of $550.    This was a valid debt.    Masech wrongfully pledged the car to secure that indebtedness and again he wrongfully, in fact criminally, sold the car to plaintiff.

Paraphrasing the quotation from the Abbott case, contained in Gaffner vs. American Finance Co., et al., supra, it may be said:

> "The case stands just as if the money had been paid by the plaintiff to Masech, and by Masech to the defendants, in which case there could be no doubt that, while the plaintiff could recover back the amount from Masech, neither Masech nor the plaintiff could recover the amount from these defen-

> dants. The fact that the money, instead of being paid by the plaintiff to Masech, and by Masech to these defendants, was paid directly by the plaintiff to these defendants, does not make any difference in the rights of the parties."

Plaintiff made the payment to the defendants in the belief that he was paying a bona fide, valid, indebtedness from Masech, and in so supposing there was no mistake. The pledge of the automobile to the defendants by Masech was a mere incident to the loan. Though that pledge was invalid and worthless, the debt it secured was actual and enforceable. Plaintiff tried to purchase the automobile which he believed Masech owned and wished it to be clear of the apparent incumbrance. The money was paid to discharge a bona fide indebtedness; consequently it cannot be said that there was no consideration for the payment, or that the defendants cannot in good conscience keep the money.

Plaintiff, under the reasoning of the case cited, has no equities superior to those of the defendants; therefore the case does not come within the rule of Section 3543, Civil Code, to the effect that: "Where one or two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer."

The Court, until the case above cited was found, was inclined to adopt the view so ably advanced by counsel for plaintiff, perhaps influenced to some extent by the slightly suspicious and somewhat peculiar circumstances above noted; but as stated before, under the pleadings such a view is not tenable.

Defendants are entitled to be dismissed hence with their costs.

Let findings and judgment be prepared in accordance with the foregoing views.

Eugene P. McDaniel, Judge.